# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT GREENEVILLE

| | | |
|---|---|---|
| **J.W., (dob: xx/xx/1994) a minor, b/n/f and** | ) | |
| **mother, TERESA PREWETT,** | ) | |
| **Plaintiffs,** | ) | |
| **vs.** | ) | **NO: 2:11-CV-290** |
| **STANLEY WEEMS,** | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs bring suit pursuant to 18 U.S.C. § 2255 for personal injury suffered by the minor plaintiff for alleged acts committed by the defendant in violation of 18 U.S.C. § 2251, *et seq*. and 18 U.S.C. § 2252A, *et seq*.   Before the Court is the motion to dismiss of the defendant pursuant to Rule 12(b), Federal Rules of Civil Procedure, on the basis that the Court lacks subject matter jurisdiction and the complaint fails to state a claim upon which relief can be granted, [Doc. 5].  More specifically, the defendant asserts that 18 U.S.C. § 2255 does not create a civil cause of action which can be maintained by a private litigant but rather simply authorizes the Court to order restitution as part of the judgment in a criminal case.  Plaintiffs have responded in opposition to the motion, [Doc. 6] and, for the reasons which follow, the defendant's *pro se* motion will be DENIED.

Defendant's motion, unaccompanied by any memorandum in support, fails for a simple reason.  The statute in question, 18 U.S.C. § 2255, by its explicit terms, authorizes civil actions for personal injuries by victims of criminal statutes prohibiting child molestation, exploitation, and pornography.  The statute provides:

> (a)  Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of  the suit, including a reasonable

attorney's fee.  Any minor as described in the preceding sentence
shall be deemed to have sustained damages of no less than $150,000
in value.

18 U.S.C. § 2255(a). Thus, the statute explicitly authorizes suit by a minor or on the minor's behalf

for actual damages of no less than $150,000, plus the cost of the suit and attorney's fee.  This Court

clearly has subject matter jurisdiction over this action brought pursuant to a federal statute

specifically authorizing civil suit by a victim and the complaint, alleging violations of 18 U.S.C. §

2251, *et seq*. and 18 U.S.C. § 2252A, *et seq*. against the victim, states a claim upon which relief can

be granted against the defendant.

The defendant's *pro se* motion to dismiss is DENIED, [Doc. 5].

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE

2