UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| J.W., a minor, b/n/f and mother, | ) | |
| TERESA PREWETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | NO.: 2:11-CV-290 |
| | ) | |
| STANLEY WEEMS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the plaintiffs' Motion for Summary Judgment, [Doc. 46]. The defendant has responded, and the matter is ripe for review. For the reasons set forth below, the motion is GRANTED.

I. **Facts and Background**

On November 28, 2011, the defendant, Stanley Weems, entered a plea of guilty to a charge of production of child pornography in violation of 18 U.S.C. § 2251(a).[1] On April 20, 2012, the defendant was sentenced to a term of 180 months of imprisonment pursuant to his Rule 11(c)(1)(C) plea agreement. *See* 2:11-CR-71. The factual basis of the plea agreement states as follows:

> On or about July 21, 2011, a 17 year-old minor child approached the Greene County Sheriff's Office to report that the child had been subjected to sexual abuse by the defendant at the defendant's home in The Eastern District of Tennessee. The minor

---

[1] The United States charged the defendant with violating section 2252(a)(5)(B), possession of child pornography, and (a)(6), sexual exploitation. *See* [Doc. 3 in 2:11-CR-71]. However, the defendant did not plead guilty to these two offenses. Instead, he pled to violating section 2251. The other two offenses were dismissed upon motion of the government. *See* [Doc. 48 in 2:11-CR-71].

> reported that the minor had engaged in sexual intercourse at the defendant's residence with prostitutes paid by the defendant. The sexual intercourse between the minor and the prostitutes was observed by the defendant, and defendant recorded the sexual acts with a video camera on defendant's cellular telephone. The cellular telephone was manufactured outside of Tennessee, and therefore traveled in interstate commerce to be present in the Eastern District of Tennessee.
>
> The Greene County Sheriff's Office executed a search warrant at the defendant's residence. Among other items, VHS video tapes, cellular telephones and audio tapes were seized during the execution of the search warrant. The audio tapes seized from the defendant contained the voices of the minor, the defendant and the aforementioned prostitutes and depicted occasions when the minor and prostitutes were engaged in sexual intercourse.
>
> A review of the video and photographic files on one of the cellular telephones, which telephone was manufactured outside of the United States, contained videos of a minor engaged in sex acts, and photos of another minor in sexually explicit poses. In the videos, the defendant can be heard directing in the background.
>
> On September 8, 2011, a Special Agent with the Federal Bureau of Investigation, met with one of the prostitutes at the Washington County Detention Center. The prostitute admitted to having sex with the defendant and a minor. The prostitute indicated that she was unaware that she was engaging in sexual intercourse with a minor until she later spoke with the defendant on the telephone from the detention center. A recording of the call between the defendant and the prostitute from the detention center reflects the defendant telling the prostitute that she had engaged in sexual intercourse with a minor, and that the defendant had lied to the prostitute about the minor's age so that she would not refuse.
>
> Defendant admits that he utilized a video recording device, manufactured outside the state of Tennessee to create visual depictions of a minor child whom the defendant used to engage in sexually explicit conduct.

[Doc. 32, ¶ 4 in 2:11-CR-71]. As a result of this conduct, the plaintiffs filed the instant civil suit on September 30, 2011. The Complaint adds little facts to what is set forth above. The civil record does mention, however, that the defendant threatened the minor plaintiff with physical harm if he exposed the defendant's conduct. Additionally, the minor plaintiff has produced sworn affidavits from experts that he has suffered emotional injuries as a result of defendant's

conduct. *See* [Docs. 46-3 and 46-4]. He has also presented evidence of the need for future medical services because of the injuries he has suffered. [Doc. 46-3]. The minor plaintiff seeks money damages in the amounts of $350.00 for bringing suit, $150,000.00 per violation of the statutes, $3,361.85 in damages for medical bills and lost wages,[2] and one-third of the total recovery for reasonable attorney's fees.

**II.    Summary Judgment Standard**

Summary judgment is proper where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Id.* at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McClain v. Ontario, Ltd.*, 244 F.3d 797, 800 (6th Cir. 2000). This Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the non-moving party.

---

[2] This amount was ordered to be paid in restitution to the plaintiff in the defendant's criminal case. *See* [Docs. 47 and 48 in 2:11-CR-71].

3

*Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If this Court concludes that a fair-minded jury could not return a verdict in favor of the non-moving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

The party opposing a Rule 56 motion may not simply rest on the mere allegations or denials contained in the party's pleadings. *Anderson*, 477 U.S. at 256. Instead, an opposing party must affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating the trial of that issue. *Id.* Merely alleging that a factual dispute exists cannot defeat a properly supported motion for summary judgment. *Id.* A genuine issue for trial is not established by evidence that is "merely colorable," or by factual disputes that are irrelevant or unnecessary. *Id.* at 248-52.

**III. Analysis**

The plaintiffs move for summary judgment and argue that there is no genuine issue of material fact that the defendant is liable to them pursuant to Title 18 United States Code section 2255(a) for violating section 2251(a) on at least seven occasions and section 2252A(a)(1) on at least seven occasions. The defendant does not dispute that he was found guilty of violating section 2251(a). However, he does dispute the number of videos which have previously been deemed admitted. Furthermore, the defendant disputes that section 2252A(a) applies in this case, for the plaintiffs did not bring suit pursuant to violations of this statute. In addition, he argues that he is not liable for punitive damages pursuant to subsection (f)(2). *See id.* § 2252A(f)(2).

Section 2255(a) provides:

4

> Any person who, while a minor, was a victim of a violation of section 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423 of this title and who suffers personal injury as a result of such violation, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains and the cost of the suit, including a reasonable attorney's fee. Any person as described in the preceding sentence shall be deemed to have sustained damages of no less than $150,000 in value.

18 U.S.C. § 2255(a) (2011). Thus, section 2255 provides the victim of a child sex offense with a civil remedy for personal injury suffered as a result of various offenses related to the sexual exploitation of children, including a violation of 18 U.S.C. § 2251, as in this case. As stated, the statute provides that in the event a civil action is brought, the victim "shall be deemed to have sustained damages of no less than $150,000 in value." 18 U.S.C. § 2255.

The Complaint is not very detailed; however, it mentions, in cursory fashion, both sections 2251 and 2252A. Therefore, the Court will treat the motion as if both sections were properly pled. The defendant does not dispute that he violated section 2251, for he pled guilty to such violation in the criminal case against him. Therefore, this Court must determine whether there is a genuine issue of material fact that the defendant violated section 2252A(a)(1). After that determination, the Court will address the actual number of violations of the statutes.

Before determining whether there is a genuine issue of material fact whether the defendant violated section 2252A(a)(1), the Court must first determine whether a criminal conviction is a prerequisite to the application of section 2255. If not, the Court must then decide what standard of evidence the Court must use to determine whether the defendant violated one of the statutes enumerated in section 2255.

This Court begins with the basic premise of statutory interpretation and looks first to the plain language of the statute. "The language of the statute is the starting point for interpretation,

5

and it should also be the ending point if the plain meaning of that language is clear." *United States v. Choice*, 201 F.3d 837, 840 (6th Cir. 2000) (citing *United States v. Ron Pair Enterprises*, 489 U.S. 235, 241 (1989)). Section 2255 is set forth above. The statutory language does not specify whether a criminal conviction is a prerequisite to its application. As such, the Court "must rely upon other methods of statutory interpretation," namely the statute's legislative history. *Smith v. Husband*, 376 F.Supp.2d 603, 611 (E.D. Va. 2005). A summary of the legislative history is thoroughly set forth in *Smith v. Husband*, and this Court will not summarize it here. *See id*. at 611-12. For the same reasons stated in *Smith*, however, this Court finds that the legislative history indicates that section 2255 does not require a criminal conviction as a prerequisite to its application. *Id*. Furthermore, as in *Smith*, this Court concludes that the preponderance of the evidence standard should be applied in determining whether one of the enumerated statutes, set forth in section 2255, was violated. *Id*. at 613.

Having made these initial determinations, this Court must now determine whether there is a genuine issue of material fact whether the defendant violated section 2252A(a)(1) using the preponderance of the evidence standard. That sections states: "(a) Any person who--(1) knowingly mails, or transports or ships using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, any child pornography" shall be guilty of an offense against the United States. 18 U.S.C. § 2252A(a)(1). The plaintiff sets forth the elements of the offense in his brief as follows:

> (1) that the victim was under the age of eighteen; (2) that defendant used (or employed or persuaded or induced or enticed or coerced) the minor victim to take part in sexually explicit conduct for the purpose of producing (for conduct after Oct. 13, 2008, add: or transmitting) a visual depiction of that conduct; and (3) that the visual depiction was produced using materials that had been mailed or transported in ( for conduct after Oct. 13, 2008, add: or affecting) interstate or foreign commerce.

6

[Doc. 46-2, Pg. 2] citing *Modern Federal Jury Instructions-Criminal*, Instruction 62-2.  This Court finds that these elements do not track the statute.  Instead, the Court will apply the elements as set forth by the Eleventh Circuit in its pattern instructions, considering there is not a Sixth Circuit pattern.  Thus, the elements are that "(1) the Defendant knowingly [transported] [shipped] [mailed] [by computer] in interstate or foreign commerce an item or items of child pornography, as charged; and (2) when the Defendant [transported] [shipped] [mailed] [by computer] the item[s], the Defendant believed the item[s] [was] [were] child pornography."

According to the facts, the defendant videotaped the minor engaging in sexual intercourse.  He recorded the images with his cellular telephone, which was manufactured outside the United States.  There are no facts in the record that the defendant then transported, shipped or mailed these images.  Thus, this Court finds by a preponderance of the evidence that the defendant did not violate this particular section.  This is in no way a determination that he did not violate other subsections of this statute.  This particular subsection is the only one, in addition to section 2251, allegedly violated by the plaintiff.  Therefore, it is the only one the Court need address.

Now this Court must determine how many times the defendant violated section 2251.  It is true that the United States magistrate judge deemed admitted that the defendant produced at least three separate visual depictions and at least on four images on the cellular phone, [Doc. 43, Pg. 2-3].  The plaintiff argues that there were a total of seven, and the defendant disputes this fact. Specifically, in response to the plaintiff's undisputed facts, the defendant stated that he "is unaware of the existence of seven (7) videos, as counsel for Defendant has been unable to access them to date.  Defendant is unwilling to admit to the existence of these videos without further verification of their existence." [Doc. 59-1, Pgs. 2-3].  Nonetheless, the defendant admits that

7

Detective Mike Fincher swore in his affidavit that there were seven images contained on the phone. [Doc. 59-1, Pg. 3 and Doc. 30-1, ¶ 4]. The defendant fails to affirmatively present competent evidence sufficient to establish a genuine issue of material fact necessitating a trial on this issue. His mere allegation that a factual dispute exists cannot defeat the plaintiff's properly supported motion for summary judgment. Accordingly, this Court finds that the defendant violated section 2251 seven times.

Next, this Court must determine whether the defendant has suffered an actual injury for section 2255 purposes. The plaintiff submitted two affidavits from medical experts. They both opine that the minor suffers from Posttraumatic Stress Disorder; Sexual Abuse of a Child, Focus on Victim; and Major Depressive Disorder, Single Episode as a result of the defendant's conduct, [Docs. 46-3 and 46-4]. In addition, George Tvardy, M.A.R., LMFT, opines that the minor plaintiff will need particular future services, including individual therapy, psychiatric services, case management services, and possibly psychiatric hospitalization. The defendant responds by stating that "[a]t this time, William Stanley [the defendant's expert] would submit that he is unable to determine if the conditions that this young man suffers from are directly attributed to conduct by Defendant," [Doc. 59, Pg. 7]. The defendant has failed to come forward with evidence to create a genuine issue of fact for trial that the minor plaintiff has suffered an injury as a result of the defendant's conduct.

As a result of the findings above, this Court now can reach the issue of damages. At the magistrate judge's hearing on the Motions in Limine, the plaintiff agreed that he seeks no more than the statutory minimum per violation. Therefore, he will not be required to prove the extent

8

Case 2:11-cv-00290  Document 71  Filed 10/24/12  Page 8 of 10  PageID #: 341

or amount of his damages. Simply, it is a matter of multiplying the seven violations by $150,000.00 for a total of $1,050,000.00.[3]

The statute also allows for the recovery of actual damages,[4] cost of the suit, and reasonable attorney's fees. The defendant does not challenge the fact that the statute awards these things. As such, there is no genuine issue of material fact that the plaintiff is entitled to actual damages, cost of suit and reasonable attorney's fees. Also, plaintiffs' counsel agreed at the magistrate judge's hearing on October 17, 2012 that he is not entitled to a double recovery. The minor plaintiff was awarded $3,361.85 in restitution in the criminal case, [Doc. 48, Pg. 5]. Accordingly, any award in this case shall not include the $3,361.85.

The defendant specifically challenged two things in the context of damages, the sought attorney's fees and entitlement to punitive damages pursuant to section 2252A(a)(1). The defendant argues that the attorney's fees should be reasonable, and a one-third contingency fee for the attorney in this situation is not reasonable. This Court agrees. The filings are inadequate in addressing the cost of suit and the attorney's fees issue. Therefore, the plaintiff shall file a more specific request accompanied by time records, etc. addressing the cost of suit and the amount claimed in reasonable attorney's fees. The plaintiff shall file such request within 10 days of the entry of this order. The defendant shall respond to the request within 10 days.

---

[3] This Court notes that the plaintiff made the argument that the defendant violated the applicable statutes 14 times, seven for section 2251 and seven for section 2252A(a)(1). Even if this Court had found that the defendant violated section 2252A(a)(1) seven times, this Court would still find that the plaintiff was entitled to recover under section 2255 for seven acts. The reason for such is that the same actual acts of conduct, i.e. the recording of the minor plaintiff having sexual intercourse with adults on seven occasions, formed the basis of the alleged 2251 violations and the 2252A(a)(1) violations, totaling seven acts. In sum, this Court interprets the term "violation" in section 2255 to mean an indictable act. *See Smith*, 376 F.Supp.2d at 612 (explaining legislative history of 2255 and referring to violation as an indictable act).

[4] The plaintiffs limit their claim for "compensatory damages" to an amount "not exceeding $1,000,000.00" in their Complaint. Since the statutory amount based on the language of the statute exceeds that amount, the Court will simply award $1,000,000.00 in compensatory damages and will not concern itself with whether plaintiffs can prove additional actual damages.

9

Case 2:11-cv-00290   Document 71   Filed 10/24/12   Page 9 of 10   PageID #: 342

Finally, the only other outstanding issue is whether the plaintiff is entitled to punitive damages pursuant to section 2252A(a)(1). Because this Court found that the defendant did not violate subsection (a)(1), then the punitive damages provision of that statute does not apply. Thus, the plaintiff is not entitled to punitive damages.

## IV. Conclusion

For the reasons set forth above, the plaintiff's Motion for Summary Judgment is GRANTED. The plaintiff shall file a more specific and detailed request for costs of suit and reasonable attorney's fees. Once this Court has decided the exact amount to which the plaintiff is entitled, then it will enter judgment in the case.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE