UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

J.W. a minor, b/n/f and mother TERESA PREWETT )
)
V. ) NO. 2:11-CV-290
)
STANLEY WEEMS )

## **REPORT AND RECOMMENDATION**

Plaintiff has filed a motion for emergency injunctive relief, (Doc. 72), and an amended motion for emergency injunctive relief, (Doc. 76). Within the motion, as amended, is plaintiff's request for a preliminary injunction and that the hearing thereon be expedited. The district judge has referred the matter to the magistrate judge for a report and recommendation.[1] A hearing on plaintiff's motion for preliminary injunction was held on November 5, 2012.

Plaintiff has sued defendant for damages arising out of defendant's criminal conduct for which defendant was convicted in this court. Defendant is now in the custody of the federal Bureau of Prisons.

This court recently granted plaintiff's motion for summary judgment.[2] The court's memorandum opinion and order held that (1) defendant is liable to the plaintiff; (2) plaintiff is entitled to compensatory damages in the amount of $1,050,00.00; (3) plaintiff is entitled

---

[1] Doc. 74.

[2] Doc. 71.

to attorney's fees, the amount of which must await counsel's submission of additional information; and (4) after the court determines the amount of attorney's fees to be awarded plaintiff, the court "*will* enter judgment in the case." (Italics supplied.)

Four days after the district judge filed his memorandum opinion and order, plaintiff's counsel filed his motion for injunctive relief.

The thrust of plaintiff's motion is that defendant, in an effort to frustrate plaintiff's effort to satisfy any judgment against him, has transferred his interest in certain real estate to a relative, Stewart Weems, and that he is attempting, through his daughter and attorney-in-fact, Mandy Tolley, to conceal other assets, including livestock.

Based on plaintiff's assertions in his motion that an emergency hearing was necessary to prevent the irretrievable loss of defendant's property to plaintiff's ultimate detriment, Chief District Judge Tom Varlan scheduled a hearing in Knoxville on defendant's implicit request for a temporary restraining order.[3] That hearing was held on October 31, 2012. Chief Judge Varlan entered a temporary restraining order on October 31, 2012.[4]

At the hearing before the magistrate judge on November 5, 2012, it was conceded by defendant's counsel that no one had any intention or desire to transfer any property in which defendant *arguably* had an interest, and therefore there was no reason not to convert Chief

---

[3]District Judge Greer was unavailable due to his involvement in a criminal trial. Obviously, a hearing before the magistrate judge, which would result in a report and recommendation only, would have been a complete futility as far as "emergency" relief is concerned.
   The hearing was not *ex parte;* attorney McAfee, and defendant's attorney-in-fact appeared for the hearing. Further, additional individuals were notified of the hearing by plaintiff's counsel of that hearing; *see*, Certificate of Service, appended to Document 77.

[4]Doc. 81.

Judge Varlan's temporary restraining order into a preliminary injunction. Therefore, it is respectfully recommended that the temporary restraining order granted on October 31, 2012, (Doc. 81), should be converted in to a preliminary injunction which should remain in effect pending further order, *subject to the following exceptions and additions*:

(1) Defendant's attorney-in-fact should be allowed to pay defendant's water and electric bill as those bills come due;

(2) Defendant's attorney-in fact should be allowed to pay the monthly mortgage payment on defendant's residence, in the approximate amount of $325.00 per month, to the extent the attorney-in-fact has monies available to do so;

(3) Defendant's attorney-in-fact, to the extent she has funds to do so, should be allowed to make the quarterly payment of interest in the amount of $605.18 (the next payment being due in November 2012) on an indebtedness owed Andrew Johnson Bank that has a principal balance of $26,202.64, which indebtedness is secured by a mortgage on 30.5 acres of realty owned by defendant, as well as by a security interest in various pieces of farm equipment; and

(4) Defendant's attorney-in-fact should keep detailed records concerning all payments made by her as stated above, as well as be prepared to fully account for all monies received by her on defendant's account, from whatever source.[5]

Respectfully submitted,

---

[5] Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

      s/ Dennis H. Inman
United States Magistrate Judge